**UNITED STATES DISTRICT COURT**
**NORTHERN DISTRICT OF NEW YORK**
_____

**AMY NEGRON,**

                                        **Plaintiff,**

                    **v.**                                        **1:08-CV-692**
                                                                  **(FJS/RFT)**

**ULSTER COUNTY; PAUL J. VAN BLARCUM,**
**in his official capacity as Sheriff of the County of**
**Ulster and individually; RICHARD J.**
**BOCKELMANN, in his official capacity as**
**Sheriff of the County of Ulster and individually;**
**and PAUL WESOLOWSKI, in his official**
**capacity as a member of the Ulster County**
**Sheriff's Department, and individually,**

                                        **Defendants.**
_____

**APPEARANCES**                          **OF COUNSEL**

**RANNI LAW FIRM**                        **JOSEPH J. RANNI, ESQ.**
148 North Main Street
Florida, New York 10921
Attorneys for Plaintiff

**JACOBOWITZ & GUBITS, LLP**              **MICHAEL L. FOX, ESQ.**
158 Orange Avenue                         **ROBERT E. DINARDO, ESQ.**
Walden, New York 12586-0367
Attorneys for Plaintiff

**ROEMER WALLENS GOLD**                   **EARL T. REDDING, ESQ.**
**& MINEAUX LPP**                          **MATTHEW J. KELLY, ESQ.**
13 Columbia Circle
Albany, New York 12203
Attorneys for Defendants Ulster
County, Van Blarcum, and
Bockelmann

**SUSSMAN & WATKINS**                        **MICHAEL H. SUSSMAN, ESQ.**
55 Main Street, Suite 6                        **CHRISTOPHER D. WATKINS, ESQ.**
P.O. Box 1005
Goshen, New York 10924
Attorneys for Defendant
Wesolowski

**SCULLIN, Senior Judge**

## MEMORANDUM-DECISION AND ORDER

### I. INTRODUCTION

The Court presided over an eight-day jury trial of this matter.  At the end of the trial, the

jury awarded Plaintiff damages against Defendant Ulster County in the amount of $40,000 on her

Title VII hostile work environment claim, $40,000 on her Title VII disparate treatment claim, and

$10,000 on her Title VII retaliation claim.  In addition, the jury awarded Plaintiff damages in the

amount of $30,000 against Defendant Van Blarcum, $30,000 against Defendant Bockelmann,

$15,000 against Defendant Wesolowski, and $300,000 against Defendant Ulster County on her

equal protection hostile work environment and disparate treatment claims under 42 U.S.C.

§ 1983.  Finally, the jury awarded Defendant Wesolowski  $35,000 in compensatory damages

and found that he was also entitled to punitive damages, in an amount yet to be determined, on

his Fourteenth Amendment malicious prosecution cross-claim against Defendant Bockelmann.

Currently before the Court is Defendants Ulster County, Van Blarcum, and Bockelmann's

(the "County Defendants") motion for judgment as a matter or law or, in the alternative, for a

new trial on all the claims on which the jury found them liable.  *See* Dkt. No. 171.  Plaintiff and

Defendant Wesolowski oppose the County Defendants' motion.  *See* Dkt. Nos. 191, 186.

-2-

**II. DISCUSSION**

**A.      Judgment as a matter of law**

In determining whether to grant judgment as a matter of law, "the court should 'review all of the evidence in the record.  In doing so . . . the court must draw all reasonable inferences in favor of the nonmoving party, and it may not make credibility determinations or weigh the evidence. . . .'" *E-21 Global, Inc. v. Second Renaissance, LLC*, 360 F. App'x 172, 174-75 (2d Cir. 2009) (quotation omitted).  "'[T]he court should give credence to the evidence favoring the nonmovant as well as that evidence supporting the moving party that is uncontradicted and unimpeached, at least to the extent that the evidence comes from disinterested witnesses.'"  *Id.* at 175 (quotation omitted).  A court should not grant judgment as a matter of law unless "'the evidence points so strongly in favor of one party that a reasonable jury could reach but one conclusion, in favor of that party . . . It should be noted, however, that [a] mere scintilla of evidence is insufficient to present a question for the jury.'"  *Id.* (quotation omitted).

*1. Defendant Wesolowski's malicious prosecution cross-claim*

A malicious prosecution claim under 1983 "requires demonstration of the elements of such a claim under New York law: '(1) that the defendant initiated a prosecution against the plaintiff, (2) that the defendant lacked probable cause to believe the proceeding could succeed, (3) that the defendant acted with malice, and (4) that the prosecution was terminated in the plaintiff's favor.'" *Jean v. Montina*, 412 F. App'x 352, 354 (2d Cir. 2011) (quotation omitted).[1]

---

[1] In addition to these four elements, "a federal claim requires 'that there was . . . a sufficient post-arraignment liberty restraint to implicate the plaintiff's Fourth Amendment

(continued...)

"To initiate prosecution, a defendant must do more than report the crime or give testimony.  He must 'play[] an active role in the prosecution, such as giving advice and encouragement or importuning the authorities to act.'"  *Manganiello v. City of New York*, 612 F.3d 149, 163 (2d Cir. 2010) (quotation omitted).  "'[T]he existence of probable cause is a complete defense to a claim of malicious prosecution in New York. . . .'"  *Jean*, 412 F. App'x at 354 (quotation omitted).

Having thoroughly reviewed all of the evidence, the Court concludes that a reasonable jury could not have concluded that Defendant Bockelmann played an active role in the prosecution of the claim against Defendant Wesolowski.  In fact, there is no evidence that he either initiated the prosecution against Defendant Wesolowski or played any role in that prosecution.  *See, e.g.,* Trial Transcript ("Tr.") at 961 (Testimony of Ronald Dreiser).

Alternatively, even if the Court were to conclude that Defendant Bockelmann in some manner participated in that prosecution, there is overwhelming evidence that, at the time the prosecution was initiated, there was probable cause to believe that Defendant Wesolowski had sexually assaulted Plaintiff.[2]  *See generally* Tr. 930-988 (Testimony of Ronald Dreiser).

For all these reasons, the Court **grants** the County Defendants' motion for judgment as a matter of law with respect to Defendant Wesolowski's malicious prosecution cross-claim against Defendant Bockelmann.[3]

---

[1](...continued)
rights.'"  *Jean*, 412 F. App'x at 354 (quotation omitted).

[2] The fact that there was probable cause to believe that Defendant Wesolowski sexually assaulted Plaintiff does not mean that he did, in fact, sexually assault her.

[3] As noted, the jury found that Defendant Wesolowski was entitled to punitive damages against Defendant Bocklemann with respect to his malicious prosecution cross-claim.  The

(continued...)

### 2. Plaintiff's Title VII claims

#### a. Plaintiff's hostile work environment claim

To establish a hostile work environment claim, a plaintiff must show "[1] that the harassment was 'sufficiently severe or pervasive to alter the conditions of the victim's employment and create an abusive work environment,' and [2] that a specific basis exists for imputing the objectionable conduct to the employer." *Alfano v. Costello*, 294 F.3d 365, 373 (2d Cir. 2002) (quotation omitted).  "This test has objective and subjective elements: the misconduct shown must be 'severe or pervasive enough to create an objectively hostile or abusive work environment,' and the victim must also subjectively perceive the environment to be abusive." *Id.* at 374 (quotation omitted).  Generally, "incidents must be more than 'episodic; they must be sufficiently continuous and concerted in order to be deemed pervasive.'" *Id.* (quotation omitted).  "Isolated acts, unless very serious, do not meet the threshold of severity and pervasiveness." *Id.* (citations omitted); *see also Richardson v. N.Y. State Dep't of Corr. Serv.*, 180 F.3d 426, 437 (2d Cir. 1999) (observing that a single sexual assault may be sufficient to alter the terms and conditions of a victim's employment).  In sum, "[t]o decide whether the threshold has been reached, courts examine the case-specific circumstances in their totality and evaluate the severity, frequency, and degree of the abuse." *Alfano*, 294 F.3d at 374 (citing *Harris*, 510 U.S. at 23, 114 S. Ct. 367 (relevant factors include "the frequency of the discriminatory conduct; its severity; whether it is physically threatening or humiliating, or a mere offensive utterance; and whether it unreasonably interferes with an employee's work performance")) (other citation omitted).

---

[3](...continued)
Court's grant of the County Defendants' motion for judgment as a matter of law with regard to this cross-claim vitiates that finding as well.

When it is the plaintiff's supervisor who creates the hostile work environment, "the employer is subject to vicarious liability and the employee need not establish knowledge of the harassment." *Williams v. Consol. Edison Corp. of N.Y.*, 255 F. App'x 546, 550 n.3 (2d Cir. 2007) (citations omitted). However,

> [a]lthough an employer is presumptively responsible where the perpetrator of the harassment was the victim's supervisor, the employer is entitled to prevail if (1) the supervisor's harassment did not culminate in a "tangible employment action," and the employer can show that it "exercised reasonable care to prevent and correct promptly any sexually harassing behavior," and (a) "'the plaintiff employee unreasonably failed to take advantage of any preventive or corrective opportunities provided by the employer or to avoid harm otherwise," . . . or (b) the employee complained and the employer took "prompt and appropriate corrective action in response to [the] complaint, . . . .

*Van Alstyne v. Ackerley Group, Inc.*, 8 F. App'x 147, 152 (2d Cir. 2001) (internal quotations and citations omitted).

Having reviewed all of the evidence, the Court concludes that no reasonable jury could have concluded that Plaintiff had prevailed on her Title VII hostile work environment claim against Defendant Ulster County insofar as that claim was based on her allegation that Defendant Wesolowski sexually assaulted her. The uncontroverted evidence established that, as soon as Plaintiff reported the incident, Defendant Ulster County acted promptly, investigated her claim, placed Defendant Wesolowski on leave, and ultimately terminated Defendant Wesolowski's employment. *See generally* Tr. at 930-88 (Testimony of Ronald Dreiser); *see also* Tr. at 64-68 (Testimony of Paul Van Blarcum); Exhibit "D-6"; Tr. at 1008, 1048 (Testimony of John Richard Bockelmann). Therefore, the Court finds that no reasonable jury could have found that Defendant Ulster County failed to act appropriately with respect to Plaintiff's complaint that

-6-

Defendant Wesolowski sexually assaulted her.

Moreover, the Court concludes that no reasonable jury could have concluded that Plaintiff prevailed on her Title VII hostile work environment claim against Defendant Ulster County insofar as that claim was based on any incidents that occurred prior to the alleged assault in December 2005.  Plaintiff's testimony that she did not find any pre-December 2005 conduct offensive, *see* Tr. at 425 (Testimony of Amy Negron), defeats her hostile work environment claim insofar as it is based on incidents that occurred prior to December 2005.

The Court, however, cannot conclude, as a matter of law, that a reasonable jury could not have found that Plaintiff had prevailed on her Title VII hostile work environment claim against Defendant Ulster County insofar as that claim was based on incidents that occurred after Plaintiff returned to work in late December 2006.[4]  Therefore, the Court **denies** the County Defendants' motion for judgment as a matter of law with respect to Plaintiff's Title VII hostile work environment claim insofar as that claim is based on workplace sexual harassment that occurred after Plaintiff returned to work in late December 2006 and **grants** their motion with respect to this claim in all other respects.

### b. Plaintiff's Title VII disparate treatment claim

"To prevail on a Title VII disparate treatment claim, a plaintiff must ultimately prove that '(1) [s]he is a member of a protected class; (2) [s]he is competent to perform the job or is performing [her] duties satisfactorily; (3) [s]he suffered an adverse employment decision or

---

[4] The record is unclear about the exact date on which Plaintiff returned to work. However, it appears based on all the evidence that she either returned to work in late December 2006 or in January 2007.

-7-

action; and (4) the decision or action occurred under circumstances giving rise to an inference of discrimination based on [her] membership in the protected class.'" *La Grande v. DeCrescente Distrib. Co., Inc.*, 370 F. App'x 206, 211 (2d Cir. 2010) (quotation omitted).  "Everyday workplace grievances, disappointments, and setbacks do not constitute adverse employment actions within the meaning of Title VII."  *Id.* (citation omitted).  Rather, "an actionable adverse employment action is 'a materially significant disadvantage with respect to the terms of [plaintiff's] employment.' . . . such as 'termination of employment, a demotion . . ., a less distinguished title, a material loss of benefits, significantly diminished material responsibilities, or other indices . . . unique to a particular situation,' . . . ."  *Id.* (internal quotations omitted).

    After reviewing all of the evidence, the Court concludes that no reasonable jury could have found in favor of Plaintiff on her disparate treatment claim.  Although Plaintiff is clearly a member of a protected class, she did not adduce any evidence to support her claim that the County Defendants did not select her, and instead selected a less qualified male co-worker, for any position for which she was qualified and for which she completed the application process.  More importantly, there was no evidence that Plaintiff **ever** suffered an adverse employment action.  She was not fired; nor was she denied a promotion for any position for which she was both qualified and for which she completed the application process.  Moreover, her assignments to what she considered less desirable parts of the jail do not constitute adverse employment actions.  *See Nidzon v. Konica Minolta Bus. Solutions, USA, Inc.*, 752 F. Supp. 2d 336, 350 (S.D.N.Y. 2010) (holding that "the assignment of tasks that are within the description or duties of the position, even if less desirable, do not rise to the level of an adverse employment action" (citations omitted)).  Therefore, the Court **grants** the County Defendants' motion for judgment as

a matter of law with respect to Plaintiff's Title VII disparate treatment claim.

### c. Plaintiff's Title VII retaliation claim

To establish a retaliation claim, a plaintiff "must show (1) that [s]he participated in a protected activity known to [her employer], (2) that [s]he suffered an adverse employment action, and (3) that there was a causal connection between [her] engaging in the protected activity and the adverse employment action." *Henderson v. City of New York*, 818 F. Supp. 2d 573, 581-82 (E.D.N.Y. 2011) (citation omitted). For purposes of a retaliation claim, "adverse employment action" is defined as any action that an employer takes against one of its employees that would dissuade a reasonable employee from engaging in a protected activity. *See id.* at 582 (quotation omitted).

Although Plaintiff clearly engaged in a protected activity, there was no evidence adduced at trial from which a reasonable jury could have concluded that the County Defendants took any action against her that would have dissuaded a reasonable worker from engaging in such activity.[5]

Moreover, although "'a plaintiff can indirectly establish a causal connection to support a . . . retaliation claim by showing that the protected activity was closely followed in time by the adverse employment action[,]'" *id.* (quotation omitted), Plaintiff failed to adduce any evidence that any of the employment decisions about which she complained were in close temporal

_____

[5] In fact, several of Plaintiff's female co-workers testified at trial that they filed complaints of sexual harassment against Defendant Ulster County **after** Plaintiff engaged in such activity. This fact alone tends to show that these "reasonable" workers were **not** dissuaded by any actions that Defendant Ulster County allegedly took against Plaintiff as a result of her protected activity.

proximity to her protected activity.  In fact many of the decisions about which she complained

predated her protected activity.  Therefore, the Court **grants** the County Defendants' motion for

judgment as a matter of law with respect to Plaintiff's Title VII retaliation claim.

### 3. Plaintiff's equal protection claims under § 1983

Plaintiff bases her § 1983 equal protection claims on two theories: disparate treatment

and hostile work environment.  A plaintiff who brings a Title VII claim may also bring a

concurrent § 1983 claim based on an assertion that the defendants violated her right to equal

protection.  *See Patterson v. Cnty. of Oneida, N.Y.*, 375 F.3d 206, 225 (2d Cir. 2004) (quotation

and other citations omitted).  The same standards apply to both the Title VII claims and the

§ 1983 claims.  *See id.* (citations omitted); *see also Demoret v. Zegarelli*, 451 F.3d 140, 153 (2d

Cir. 2006) (stating that "Title VII claims for disparate treatment parallel equal protection claims

brought under § 1983. . . . 'The elements of one are generally the same as the elements of the

other and the two must stand or fall together.'" (quotation and other citation omitted)).  This is

true whether the plaintiff is proceeding under a disparate treatment or hostile work environment

theory.  *See Patterson*, 375 F.3d at 225.[6]

---

[6] There are some differences however.  First, when suing a municipality or an individual
in his official capacity under § 1983, a plaintiff must "show that the challenged acts were
performed pursuant to a municipal policy or custom[.]"  *Patterson*, 375 F.3d at 226 (citations
omitted).  However, a plaintiff does not need to identify a particular rule or regulation to show
that a policy, custom or practice exists.  *See id.* (citation omitted).  It is sufficient for the plaintiff
to show "that a discriminatory practice of municipal officials was so 'persistent or widespread' as
to constitute 'a custom or usage with the force of law[.]'"  *Id.* (quotation and other citation
omitted).  In addition, the plaintiff must show that the discrimination was intentional.  *See id.*
(citations omitted).  Finally, the plaintiff must show that that a defendant was personally involved
in the alleged violation.  *See id.* at 229 (citation omitted).  "Personal involvement, within the
(continued...)

As noted, to prevail on a disparate treatment claim, a plaintiff must prove that she is a member of a protected class, that she is competent to perform the job, that she suffered an adverse employment action, and that the action took place under circumstances giving rise to an inference of discrimination.  *See La Grande*, 370 F. App'x at 211.  For the same reason that Plaintiff's Title VII disparate treatment claim fails, her § 1983 equal protection disparate treatment claim fails.  There was no evidence adduced at trial from which a reasonable jury could have found that Plaintiff suffered an adverse employment action or that she was treated any differently than her similarly situated male colleagues in terms of the conditions of her employment.  Therefore, the Court **grants** the County Defendants' motion for judgment as a matter of law with respect to Plaintiff's § 1983 equal protection disparate treatment claim.

Plaintiff's remaining § 1983 equal protection claim is a hostile work environment claim. As noted in the Court's discussion regarding Plaintiff's Title VII hostile work environment claim, there was no evidence adduced at trial from which a reasonable jury could have concluded that Plaintiff prevailed on her hostile work environment claim based on any incidents that occurred prior to the time that Plaintiff returned to work in late December 2006.  On the other hand, the Court cannot find, as a matter of law, that a reasonable jury could not have found that the workplace sexual harassment that occurred after Plaintiff returned to work in late December 2006 was sufficiently severe or pervasive to create a hostile work environment.

---

[6](...continued)
meaning of this concept, includes not only direct participation in the alleged violation but also gross negligence in the supervision of subordinates who committed the wrongful acts and failure to take action upon receiving information that constitutional violations are occurring." *Id.* (citation omitted).

With respect to the workplace environment that existed after late December 2006, however, the Court concludes that Plaintiff cannot hold Defendant Bockelmann personally liable for anything that occurred in the jail in that time frame because his term as Sheriff ended on December 31, 2006.  Therefore, Defendant Bocklemann was no longer responsible for the operation of the jail when Plaintiff returned to work.

With respect to Plaintiff's claim against Defendant Van Blarcum, the Court finds, after reviewing all of the evidence, that a reasonable jury could not have found that Defendant Van Blarcum was personally involved in creating or maintaining a hostile work environment in the jail after Plaintiff returned to work in late December 2006.  Plaintiff adduced no evidence that Defendant Van Blarcum directly participated in the sexual harassment, that he failed to take action upon receiving information about any such harassment, or that he was grossly negligent in supervising his subordinates.  Moreover, Defendant Van Blarcum testified that no supervisor ever reported the existence of any sexual banter or pornography in the workplace, *see* Tr. at 81 (Testimony of Van Blarcum), and that any such conduct was prohibited in the jail, *see id.* at 80.  Finally, he testified that Plaintiff had never complained to him about sexual harassment.  *See id.* at 87-88.

For the above-stated reasons, the Court **grants** the County Defendants' motion for judgment as a matter of law with respect to Plaintiff's equal protection hostile work environment claim against Defendants Bockelmann and Van Blarcum.

With respect to Plaintiff's equal protection hostile wok environment claim against Defendant Ulster County, the Court concludes that it cannot find as a matter of law that a reasonable jury could not have found that the alleged hostile work environment that existed in the

-12-

jail after Plaintiff returned to work in late December 2006 was the result of a policy, custom or practice of Defendant Ulster County. *See Patterson*, 375 F.3d at 226 (holding that a municipality may be held liable for a violation of a plaintiff's constitutional rights, where she is able to show "that a discriminatory practice of municipal officials was so 'persistent or widespread' as to constitute 'a custom or usage with the force of law'" (citation omitted)). Therefore, the Court **denies** the County Defendants' motion for judgment as a matter of law with respect to Plaintiff's equal protection hostile work environment claim against Defendant Ulster County to the extent that this claim is based on the alleged hostile work environment that existed in the jail subsequent to Plaintiff's return to work in late December 2006.

### B.      Motion for a new trial

"A court may grant a new trial 'for any reason for which a new trial has heretofore been granted in an action at law in federal court,' Fed. R. Civ. P. 59(a)(1)(A), including if the verdict is against the weight of the evidence." *Raedle v. Credit Agricole Indosuez*, 670 F.3d 411, 417 (2d Cir. 2012). "'[A] decision is against the weight of the evidence . . . if and only if the verdict is [(1)] seriously erroneous or [(2)] a miscarriage of justice.'" *Id.* at 417-18 (quotation and other citation omitted). When considering a motion for a new trial, a court "may weigh the evidence and the credibility of witnesses and need not view the evidence in the light most favorable to the verdict winner." *Id.* at 418 (citation omitted). Furthermore, a court may overturn a verdict for excessiveness or order a new trial either without qualification or conditioned on the verdict winner's refusal to agree to remittitur. *See Lore v. City of Syracuse*, 670 F.3d 127, 176-77 (2d Cir. 2012) (quotation omitted).

-13-

### 1. Plaintiff's § 1983 equal protection claim against Defendant Wesolowski

Plaintiff testified that she had no complaints about Defendant Wesolowski prior to the alleged assault in December 2005 and that she did not find the environment in the jail prior to that time offensive. *See* Tr. at 425 (Testimony of Amy Negron). Moreover, when Plaintiff returned to work in late December 2006, Defendant Wesolowski was no longer working in the jail. Therefore, the only basis for her equal protection claim against Defendant Wesolowski is her allegation that he sexually assaulted her in December 2005. Although there was sufficient evidence adduced at trial from which the jury could have found that Defendant Wesolowski sexually assaulted Plaintiff, this finding was inherently inconsistent with the jury's finding in favor of Defendant Wesolowski with respect to his cross-claim that Defendant Bockelmann maliciously prosecuted him for assaulting Plaintiff in December 2005.

Although Defendant Wesolowski did not move for a new trial with respect to this claim, given the inconsistency of the jury's findings with respect to this clam and his malicious prosecution cross-claim, the Court *sua sponte* **grants** Defendant Wesolowski a new trial with respect to Plaintiff's equal protection claim against him. The Court advises the parties, however, that this claim is limited to the alleged assault that occurred in December 2005, which, as noted, given Plaintiff's own testimony, is the only valid basis for such a claim.

### 2. Plaintiff's Title VII hostile work environment claim and her § 1983 equal protection hostile work environment claim against the Defendant Ulster County

With regard to Plaintiff's Title VII disparate treatment and hostile work environment claims, the jury found that Defendant Ulster County was liable to Plaintiff in the total amount of

-14-

$70,000: $40,000 on the hostile work environment claim and $30,000 on the disparate treatment claim. With respect to Plaintiff's § 1983 equal protection claim, which was based both on a disparate treatment theory and a hostile work environment theory, the jury found that Defendant Ulster County was liable to Plaintiff in the amount of $300,000 based on its finding that, to the extent that the individual Defendants violated her rights, this violation was a result of Defendant Ulster County's official policy, custom or practice.

The amount of damages that the jury awarded Plaintiff against Defendant Ulster County on her Title VII claims and the amount of damages it awarded Plaintiff against Defendant Ulster County on her § 1983 equal protection claim are inherently inconsistent. As stated, these claims stand or fall together because the same standards govern both claims, *see Demoret*, 451 F.3d at 153; and, thus, the amount of damages awarded for such claims should bear some resemblance to each other.[7]

Since the Court has dismissed some of Plaintiff's claims and because the jury's award of damages on Plaintiff's Title VII and § 1983 claims are inconsistent, a new trial is necessary. Accordingly, the Court **grants** the County Defendants' motion for a new trial with respect to Plaintiff's Title VII hostile work environment claim and Plaintiff's § 1983 equal protection hostile work environment claim against Defendant Ulster County.

In doing so, however, the Court notes that, at the new trial, Plaintiff's hostile work environment claims are limited to incidents of sexual harassment that occurred after she returned

---

[7] It is inconceivable that the jury could find Defendant Ulster County liable in the amount of $80,000 on Plaintiff's Title VII disparate treatment and hostile work environment claims and then find Defendant Ulster County liable in the amount of $300,000 for having a policy, custom or practice that resulted in the **same** violations of Plaintiff's right to equal protection.

to work in late December 2006.  Moreover, with respect to her § 1983 equal protection hostile work environment claim, Plaintiff must prove that the hostile work environment existed as a result of a policy, custom or practice of Defendant Ulster County.

If Plaintiff wishes to avoid a new trial on her hostile work environment claims, under both Title VII and § 1983, against Defendant Ulster County, she may do so by accepting a remittitur in the amount **$80,000**: $40,000 on her Title VII hostile work environment claim and $40,000 on her § 1983 equal protection hostile work environment claim.

If Plaintiff accepts this remittitur, the new trial will be limited to her § 1983 equal protection claim against Defendant Wesolowski based **solely** on his alleged sexual assault of her in December 2005.  If Plaintiff rejects the remittitur, the new trial will include her § 1983 equal protection claim against Defendant Wesolowski, as well as her Title VII hostile work environment claim and her § 1983 equal protection hostile work environment claim against Defendant Ulster County, which are limited to incidents in the workplace that occurred after Plaintiff returned to work in late December 2006.


**III. CONCLUSION**

After carefully reviewing all of the evidence, the trial transcripts, the parties' submissions, and the applicable law, and for the above-stated reasons, the Court hereby

**ORDERS** that the County Defendants' motion for judgment as a matter of law is **GRANTED** with respect to Plaintiff's Title VII disparate treatment and retaliation claims, Plaintiff's § 1983 equal protection disparate treatment claim, Plaintiff's § 1983 equal protection hostile wok environment claim against Defendants Bockelmann and Van Blarcum, and

-16-

Defendant Wesolowski's cross-claim for malicious prosecution against Defendant Bockelmann; and the Court further

**ORDERS** that the County Defendants' motion for judgment as a matter of law is **DENIED** in all other respects; and the Court further

**ORDERS** that the County Defendants' motion for a new trial is **GRANTED** with respect to Plaintiff's Title VII hostile work environment claim and her § 1983 equal protection hostile work environment claim against Defendant Ulster County unless Plaintiff accepts a remittitur on these claims in the total amount of **$80,000** ($40,000 on her Title VII hostile work environment claim and $40,000 on her § 1983 equal protection hostile work environment claim); and the Court further

**ORDERS** that Plaintiff shall notify the Court and opposing counsel in writing within **10 days** of the date of this Memorandum-Decision and Order whether or not she will accept this remittitur; and the Court further

**ORDERS** that the County Defendants' motion for a new trial is **DENIED** in all other respects; and the Court further

**ORDERS** that, because the jury's verdict with respect to Plaintiff's § 1983 equal protection claim against Defendant Wesolowski based on his alleged sexual assault of her in

-17-

December 2005 is inherently inconsistent with the jury's verdict with respect to Defendant

Wesolowski's cross-claim for malicious prosecution against Defendant Bockelmann, the Court

*sua sponte* **GRANTS** Defendant Wesolowski a new trial with respect to Plaintiff's § 1983 equal

protection claim against him based **solely** on his alleged sexual assault of her in December 2005.[8]


**IT IS SO ORDERED.**


Dated: August 20, 2012
       Syracuse, New York


                                        _____
                                        Frederick J. Scullin, Jr.
                                        Senior United States District Court Judge

---

[8] To summarize, if Plaintiff accepts the offer of remittitur, the new trial will be limited to her § 1983 equal protection claim against Defendant Wesolowski based **solely** on his alleged assault of her in December 2005.  If Plaintiff does not accept the offer of remittitur, the new trial will include her § 1983 equal protection claim against Defendant Wesolowski as well as her Title VII hostile work environment claim and her § 1983 equal protection hostile work environment claim against Defendant Ulster County limited to incidents of sexual harassment that occurred in the workplace after Plaintiff returned to work in late December 2006.