UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF NEW YORK
_____

AMY NEGRON,

                                  Plaintiff,

                          v.                                      1:08-CV-692
                                                                         (FJS/RFT)

ULSTER COUNTY; PAUL J. VAN BLARCUM,
in his official capacity as Sheriff of the County of
Ulster and individually; RICHARD J.
BOCKELMANN, in his official capacity as
Sheriff of the County of Ulster and individually;
and PAUL WESOLOWSKI, in his official
capacity as a member of the Ulster County
Sheriff's Department, and individually,

                                  Defendants.
_____

| APPEARANCES | OF COUNSEL |
|---|---|
| **RANNI LAW FIRM** <br> 148 North Main Street <br> Florida, New York 10921 <br> Attorneys for Plaintiff | **JOSEPH J. RANNI, ESQ.** |
| **JACOBOWITZ & GUBITS, LLP** <br> 158 Orange Avenue <br> Walden, New York 12586-0367 <br> Attorneys for Plaintiff | **MICHAEL L. FOX, ESQ.** <br> **ROBERT E. DINARDO, ESQ.** |
| **ROEMER WALLENS GOLD & MINEAUX LPP** <br> 13 Columbia Circle <br> Albany, New York 12203 <br> Attorneys for Defendants Ulster County, Van Blarcum, and Bockelmann | **EARL T. REDDING, ESQ.** <br> **MATTHEW J. KELLY, ESQ.** |

**SUSSMAN & WATKINS**  **MICHAEL H. SUSSMAN, ESQ.**
55 Main Street, Suite 6  **CHRISTOPHER D. WATKINS, ESQ.**
P.O. Box 1005
Goshen, New York 10924
Attorneys for Defendant
Wesolowski

**SCULLIN, Senior Judge**

## ORDER

The Court presided over an eight-day jury trial of this matter.  At the end of the trial, the jury awarded Plaintiff damages against Defendant Ulster County in the amount of $40,000 on her Title VII hostile work environment claim, $40,000 on her Title VII disparate treatment claim, and $10,000 on her Title VII retaliation claim.  In addition, the jury awarded Plaintiff damages in the amount of $30,000 against Defendant Van Blarcum, $30,000 against Defendant Bockelmann, $15,000 against Defendant Wesolowski, and $300,000 against Defendant Ulster County on her equal protection hostile work environment and disparate treatment claims under 42 U.S.C. § 1983.  Finally, the jury awarded Defendant Wesolowski  $35,000 in compensatory damages and found that he was also entitled to punitive damages, in an amount yet to be determined, on his Fourteenth Amendment malicious prosecution cross-claim against Defendant Bockelmann.

Subsequently, Defendants Ulster County, Van Blarcum, and Bockelmann (the "County Defendants") moved for judgment as a matter or law or, in the alternative, for a new trial on all the claims on which the jury found them liable.  *See* Dkt. No. 171.  Plaintiff and Defendant Wesolowski opposed the County Defendants' motion.  *See* Dkt. Nos. 191, 186.

By Memorandum-Decision and Order dated August 20, 2012, the Court granted the County Defendants' motion for judgment as a matter of law with respect to Plaintiff's Title VII

disparate treatment and retaliation claims, Plaintiff's § 1983 equal protection disparate treatment claim, Plaintiff's § 1983 equal protection hostile work environment claim against Defendants Bockelmann and Van Blarcum, and Defendant Wesolowski's cross-claim for malicious prosecution against Defendant Bockelmann and denied that motion in all other respects. In addition, the Court granted the County Defendants' motion for a new trial with respect to Plaintiff's Title VII hostile work environment claim and her § 1983 equal protection hostile work environment claim against Defendant Ulster County unless Plaintiff accepted a remittitur on these claims in the total amount of $80,000 and denied their motion for a new trial in all other respects. Finally, the Court *sua sponte* granted Defendant Wesolowski a new trial with respect to Plaintiff's § 1983 equal protection claim against him based solely on his alleged sexual assault of her in December 2005.

On September 21, 2012, the Court held a conference with counsel to address its August 20, 2012 decision and the remaining issues in this case. At that time, Plaintiff's counsel advised the Court that counsel for Plaintiff and Defendant County had been in discussions since the Court's decision and that, based on those discussions, Plaintiff would accept the remittitur and withdraw her pending claim before the Equal Employment Opportunity Commission ("EEOC") and Defendant County would not appeal. Plaintiff's counsel also advised the Court that Plaintiff would discontinue her claim against Defendant Wesolowski. Counsel for the County Defendants also advised the Court that Defendant County would pay the remittitur within twenty days after receipt of the appropriate releases and Plaintiff's discontinuance of her pending EEOC claim and this action. Defendant Wesolowski's counsel advised the Court that Defendant Wesolowski reserved his right to appeal the Court's decision regarding his cross-claim against Defendant

Bockelmann.

Finally, the Court and counsel discussed the fact that the issues of affirmative prospective relief and attorney's fees remained. The Court instructed counsel to submit any further briefing on those remaining issues by October 5, 2012, and that, after the Court had an opportunity to review those submissions, it would determine how to proceed with the resolution of those issues.

Accordingly, based on the Court's August 20, 2012 Memorandum-Decision and Order and the Court's discussion with counsel on September 21, 2012, the Court hereby

**ORDERS** that, in consideration of Plaintiff's acceptance of the remittitur amount contained in the Court's August 20, 2012 Memorandum-Decision and Order, as well as the parties' agreement as set forth above, the verdict in Plaintiff's favor against Defendant County is reduced to the amount of **$80,000**;[1] and the Court further

**ORDERS** that, based on Plaintiff's counsel's statements at the September 21, 2012 conference, Plaintiff's claims against Defendant Wesolowski are discontinued with prejudice; and the Court further

---

[1] The Court will address the issue of attorney's fees and affirmative prospective relief in a separate Order and, upon resolution of those issues, will issue a judgment regarding the remainder of this case.

**ORDERS** that, pursuant to Rule 54(b) of the Federal Rules of Civil Procedure, the Clerk of the Court is directed to enter a final judgment with respect to Defendant Wesolowski's cross-claim against Defendant Bockelmann because there is no just reason for delaying the entry of judgment with regard to that cross-claim.

**IT IS SO ORDERED.**

Dated: October 10, 2012
       Syracuse, New York

                                        Frederick J. Scullin, Jr.
                                        Senior United States District Court Judge